IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 20 CR 386 |
| v. | |
| JOHN ECTOR, | Judge John F. Kness |
| Defendant. | |

### ORDER

Defendant's motion for compassionate release (Dkt. 62) is denied. See accompanying Statement for details.

### STATEMENT

Defendant John Ector pleaded guilty to five counts of bank fraud in violation of 18 U.S.C. § 1344 and one count of money laundering in violation of 18 U.S.C. § 1957(a). After considering the arguments of the parties, written and oral, and after taking into account the advisory Sentencing Guidelines range and the mandatory sentencing factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of nine months of imprisonment; not the one-day-in-jail sentence Defendant sought, to be sure, but half of the bottom end of the Guidelines range of 18–24 months of imprisonment. As the Court explained at the sentencing hearing, this relatively lenient sentence was warranted by multiple considerations, including Defendant's community mentorship activities, sincere remorse, and making of full restitution in advance of the sentencing hearing. The Court entered a final judgment on September 15, 2021 (amended on September 23, 2021 (Dkt. 59)) and ordered Defendant to surrender to the Bureau of Prisons ("BOP") on or before November 9, 2021. (Dkt. 57.)

Defendant now asks the Court, under 18 U.S.C. § 3582(c)(1)(A)(i), to find that "extraordinary and compelling reasons" exist either to reduce his term of imprisonment to time served or to order that he be placed on "home confinement." (Dkt. 62.) Defendant predicates his motion on the "uncontrollable outbreak of COVID[-19]" at USP Thomson, where Defendant is incarcerated. (*Id.* at 2.) Defendant contends that he is eligible for a sentencing reduction because "the COVID-19 pandemic is not controlled at USP Thomson, placing him at great personal risk," and because Defendant "has not yet contracted COVID[-19]." (*Id.* at 3–4.) But after the government challenged (Dkt. 64 at 1) Defendant's assertion that he has not yet

contracted COVID-19, Defendant admitted in his reply brief that his motion "should have stated that he has not yet contracted COVID[-19] yet again." (Dkt. 68 at 8.)

The United States argues that Defendant has failed to exhaust his administrative remedies (Dkt. 64 at 9–10), has not established extraordinary and compelling reasons to reduce his sentence (*id.* at 10–13), and that a sentence reduction would be inconsistent with the § 3553(a) factors (*id.* at 13–14). The United States also contends that the Court lacks the power to order the BOP to transfer Defendant to home confinement. (*Id.* at 14–18.)

As the Seventh Circuit has explained, a motion for compassionate release calls for a two-step analysis:[1]

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction . . . . Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*United States v. v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

As for the first step of this process, a court can modify a defendant's sentence only when it finds both that "extraordinary and compelling reasons warrant such a reduction," *and* that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). With the passage of the First Step Act in 2018, defendants themselves are now allowed to file their own motions for release under Section 3582; before the First Step Act, only the Director of the Bureau of Prisons was permitted to file such motions. *See Thacker*, 4 F.4th at 572.

Because the Sentencing Commission has not had a quorum since the First Step Act came into effect, however, there is no policy statement of the Sentencing Commission that applies to a motion brought directly by a prisoner. *See United States*

---

[1] Defendant has exhausted his administrative remedies. The statute provides, in relevant part, that "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce a term of imprisonment . . . ." 18 U.S.C. § 3582(c) (emphasis added). On December 29, 2021, Defendant submitted a request to the warden requesting compassionate release. (Dkt. 69.) Receiving no response from the warden, Defendant filed this motion on February 8, 2022. (Dkt. 62.) Because more than 30 days have elapsed between Defendant's unanswered request to the warden and the filing of Defendant's motion, Defendant has satisfied the statute's exhaustion requirement.

2

*v. Gunn*, 980 F.3d 1178, 1179–81 (7th Cir. 2020). Rather, the most current version of the relevant Guidelines provision, Section 1B1.13, applies only to motions filed by the Director of the BOP. U.S.S.G. § 1B1.13. But although "the Guidelines Manual lacks an applicable policy statement," judges should, when faced with a motion filed directly by a defendant who has exhausted available administrative remedies, continue to consult the "working definition" of "extraordinary and compelling reasons" found in Section 1B1.13. *Gunn*, 980 F.3d at 1180. *Gunn*'s reference to Section 1B1.13 is not merely hortatory, for "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id*.

Taking *Gunn*'s caution at face value, the analysis of Defendant's motion should start with the definition in the Sentencing Guidelines of "extraordinary and compelling reasons." Broadly put, the policy statement in Section 1B1.13 relating to BOP-initiated compassionate-release motions notes three types of extraordinary and compelling circumstances: the defendant's medical condition, the defendant's age, and the defendant's family circumstances. U.S.S.G. § 1B1.13.

Defendant contends that he should receive a sentence reduction because the COVID-19 pandemic is "not controlled at USP Thomson, placing [Defendant] at great personal risk." (Dkt. 62 at 3–4.) Although Defendant admitted in his reply brief (Dkt. 68 at 8) that he previously contracted COVID-19 at his place of confinement—despite his earlier assertion to the contrary (*id*. at 3)—Defendant now maintains that "the proof is in the pudding" (Dkt. 68 at 8) and that his having contracted COVID-19 demonstrates the unreasonable risk of keeping him in custody. Defendant argues that vaccines "are not 100% effective at preventing infection" and that he "is still at risk [of] further COVID[-19] infections." (*Id*.) Defendant also clarifies that "the continued heightened risk presented by COVID[-19] as a result of his confinement in BOP coupled with the onerous conditions of that confinement resulting from [USP] Thomson's Level 3 designation" amount to "extraordinary and compelling" reasons to reduce Defendant's sentence and to place him on home confinement[2] (instead of imprisonment). (Dkt. 68 at 10.)

Defendant has failed to meet his burden of showing an extraordinary and compelling reason that would warrant a reduction in his sentence. Defendant contends that USP Thompson is a so-called "Level 3" facility, rated "the most serious level of contagion." (Dkt. 62 at 8.) But even though USP Thomson might have been at "Level 3" when Defendant filed the present motion, it is now one of roughly 39 BOP so-called "Level 2" facilities subject only to "moderate modifications." Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited

---

[2] Moreover, the Court lacks the authority to change Defendant's place of imprisonment. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). This is because "[a]n inmate in home conferment remains in custody of the [BOP]," which, in turn, has "plenary control over its inmates' placement." *Id*. Because the Court "may only recommend a new placement," but "may not order it," *id*. (citing *Tapia v. United States*, 564 U.S. 319, 331 (2011)), the Court declines to review the merits of Defendant's request to change his place of imprisonment.

June 28, 2022). This rating system is based on the facility's medical isolation rate, combined percentage of staff and inmate completed vaccination series, and their respective community transmission rates. Federal Bureau of Prisons, *COVID-19 Modified Operations Plan & Matrix*, https://www.bop.gov/coronavirus/covid19 _modified_operations_guide.jsp (last visited June 28, 2022). The BOP reassesses operational "levels" whenever a given facility experiences 48 hours of sustained increases or decreases in these indicators. *Id.*

Whatever risk designation USP Thomson might hold, the Court is aware of no binding rule or precedent that says being housed in a facility within a particular COVID-19 risk category, by itself, is sufficient to show an "extraordinary and compelling" reason under Section 3582(c). On the contrary, as the Seventh Circuit has explained, "availability of a [COVID-19] vaccine" makes it "impossible" for "the vast majority of prisoners . . . to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Defendant's proffered reasons are not otherwise extraordinary and compelling within the meaning of Section 3582(c)(1)(A). Defendant has not suggested that he is "unable to receive or benefit from a vaccine, or that [he] remain[s] vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022); *United States v. Newton*, — F.4th —, 2022 WL 2145230, at *1 (7th Cir. June 15, 2022). Defendant's basis for seeking early release boils down to a general fear of contracting COVID-19 (for a second time) and an overarching objection to the conditions of his confinement. In this regard, however, Defendant is situated no differently than many other BOP inmates—perhaps the vast majority. As the Seventh Circuit has concluded, at least with respect to the fear of contracting COVID-19 while "living in close quarters," it is "impossible" for "the vast majority of prisoners" to show extraordinary and compelling reasons in conditions that pertain to most inmates. *See Broadfield*, 5 F.4th at 803.[3]

Other factors further confirm that Defendant has not demonstrated an extraordinary and compelling reason to reduce his sentence. Defendant is not elderly (he is approximately 48 years old (PSR, Dkt. 50 (filed under seal) at 3)), appears to be in good health (*see, e.g., id.* ¶ 83; there is no evidence that Defendant is in poor health or otherwise particularly vulnerable to COVID-19), has been vaccinated against COVID-19 (Dkt. 64 at 1), and has pointed the Court to no special family circumstances that would justify a shorter sentence. *Cf. Rucker*, 27 F.4th at 563. Moreover, despite Defendant's argument to the contrary (Dkt. 62 at 2), the COVID-

---

[3] Defendant's argument concerning his conditions of confinement is also misplaced in this motion. *See, e.g., United States v. Schneider*, No. 18-CR-24-1-JPS, 2021 WL 4552941, at *3 (E.D. Wis. Oct. 5, 2021) ("Defendant may wish to challenge his conditions of confinement. A motion for compassionate release under Section 3582 is not the proper vehicle to do so.") (citing *United States v. Wilkerson*, 2021 WL 2401961, at *4 n.5 (S.D. Ind. June 11, 2021)).

19 pandemic is not "uncontrolled" at USP Thomson. Rather, a recent search of the BOP's website shows that no USP Thomson inmates and only three staff members have "active" COVID-19 infections. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited June 27, 2022). These factors, taken together, cut strongly against Defendant's position.

Based on the foregoing, the Court finds that Defendant has failed to carry his burden to show an extraordinary and compelling reason to reduce his sentence. This finding alone is sufficient to deny the present motion. *United States v. Sarno*, — F.4th —, 2022 WL 2207829, at *4 (7th Cir. June 21, 2022) ("Even one good reason for denying a compassionate-release motion suffices[.]") (cleaned up). But even if Defendant could otherwise show extraordinary and compelling circumstances, the Court finds that the sentencing factors under Section 3553(a) do not justify a sentencing reduction for Defendant. *See Thacker*, 4 F.4th at 576 (in addressing a compassionate release motion, district court must consider any applicable sentencing factors in Section 3553(a)).

In imposing a nine-month sentence of imprisonment on Defendant, the Court considered a number of factors. At the outset, however, the Court was well aware of the existence of the COVID-19 pandemic, its effect on custodial populations, and the ubiquity of arguments by many criminal defendants—including this Defendant—that the pandemic justifies reduced prison sentences. When Defendant made this latter argument at his sentencing hearing, the Court disagreed that COVID-19 justified Defendant's request for a sentence of probation. On the contrary, the Court noted that COVID-19 had imposed harsh living conditions on both prisoners and nonprisoners, and the Court explained it would not refuse to impose a sentence of imprisonment on Defendant based solely on the harsher conditions of confinement under COVID-19. That view has not changed: Section 3553(a) does not support granting Defendant a reduction in his sentence based on the conditions of confinement under COVID-19.

Several factors under Section 3553(a) also counsel against a sentencing reduction. Defendant already benefited from a significantly reduced sentence—one half of the bottom end of the advisory Guidelines range—and a further reduction of this already-discounted sentence would devalue the need to hold Defendant to account for his criminal conduct. At sentencing, the Court sought to balance multiple competing factors. On one hand, just punishment, deterrence, and the need to protect the public, among others, justified serious consideration of a within-Guidelines sentence. On the other hand, Defendant's commitment to mentoring at-risk youths in his community, sincere remorse, and successful efforts before sentencing to make full restitution to the identified victims of his crime led the Court to impose a nine-month term of imprisonment.

That careful balance of considerations should not be upset merely by the lingering effects of the COVID-19 pandemic. Defendant's crimes were serious: he fraudulently obtained over $110,000 in bank loans. To grant a sentencing reduction

would fail to ensure that Defendant receives just punishment for these crimes; it would also, if only marginally, place the public at greater risk, send an antideterrent message to Defendant and others, and undermine the goal of promoting respect for the law. Moreover, nothing Defendant has done during his relatively short period of incarceration demonstrates noteworthy rehabilitation or other mitigating considerations that might justify a reduced sentence.

In short, because Defendant's nine-month sentence of imprisonment continues to reflect an appropriate balance of multiple competing sentencing factors, and because a reduction in that sentence would undermine the purposes of sentencing as set forth in Section 3553(a), the Court finds that Defendant's sentence should not be reduced under Section 3582(c)(1)(A). Accordingly, and for all of the reasons set forth in this order, Defendant's motion for a sentencing reduction is denied.

SO ORDERED in No. 20 CR 386.

Date: June 29, 2022

JOHN F. KNESS
United States District Judge